United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-40125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO TOVAR-AVILA,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(5:03-CR-1299-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alejandro Tovar-Avila appeals his conviction and sentence for possession with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841. Tovar contends his sentence is unconstitutional in the light of *United States v. Booker*, 125 S. Ct. 738 (2005), because he was sentenced under a mandatory guidelines scheme. He contends that a lesser sentence would have been imposed in the absence of mandatory guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Tovar concedes, we review only for plain error. ***United States v. Valenzuela-Quevedo***, 407 F.3d 728, 732 (5th Cir. 2005), *cert. denied*, 2005 WL 1811485 (U.S. 3 Oct. 2005) (No. 05-5556); ***United States v. Mares***, 402 F.3d 511, 520 (5th Cir. 2005), *cert. denied*, 2005 WL 816208 (U.S. 3 Oct. 2005) (No. 04-9517). Under our plain error review, a "clear" or "obvious" error must affect "substantial rights"; even then, the "decision to correct the forfeited error [remains] within the sound discretion of the court of appeals". ***United States v. Olano***, 507 U.S. 725, 732-35 (1993).

The district court committed error that is plain by sentencing Tovar under a mandatory sentencing guidelines scheme. ***Valenzuela-Quevedo***, 407 F.3d at 733. However, Tovar fails to meet his burden of showing this error affected his substantial rights. ***Mares***, 402 F.3d at 520. The district court made no comments suggesting it would have imposed a lesser sentence in the absence of mandatory guidelines. *See* ***United States v. Bringier***, 405 F.3d 310, 317 (5th Cir. 2005) (stating the issue as "whether [the defendant] has demonstrated that the sentencing judge would have reached a different result had it sentenced [the defendant] under an advisory scheme rather than a mandatory one"), *cert. denied*, 2005 WL 1801192 (U.S. 3 Oct. 2005) (No. 05-5535). Therefore, Tovar fails to demonstrate plain error.

Tovar contends for the first time on appeal that the statute under which he was convicted, 21 U.S.C. § 841, is unconstitutional

under ***Apprendi v. New Jersey***. 530 U.S. 466, 490 (2000) (holding that any fact other than a prior conviction may not be used to enhance a defendant's sentence beyond the statutory maximum unless it is submitted to a jury and proved beyond a reasonable doubt). As he concedes, however, this issue is foreclosed. ***United States v. Slaughter***, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001). Tovar raises it only to preserve it for further possible review.

Tovar also maintains that, pursuant to ***Apprendi***, the Government was required, but did not, prove to the jury beyond a reasonable doubt he *knew* that he possessed the particular type and quantity of controlled substance at issue in this case. As he concedes, this contention is foreclosed by ***United States v. Gamez-Gonzalez***, 319 F.3d 695, 700 (5th Cir.), *cert. denied*, 538 U.S. 1068 (2003), which held that knowledge of the drug type and quantity is not an element of the offense. He raises the issue only to preserve it for possible review.

*AFFIRMED*